**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **HEALTHCARE JUSTICE COALITION, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE CIGNA GROUP, CIGNA HEALTH AND LIFE INSURANCE COMPANY, CONNECTICUT GENERAL LIFE INSURANCE COMPANY, and JOHN DOES 1-20,**<br><br>**Defendants.** | **Case No. ____________________** |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446, Defendants The Cigna Group, Cigna Health and Life Insurance Company, and Connecticut General Life Insurance Company ("Defendants") hereby files this Notice of Removal of this case from the Circuit Court of Houston County, Alabama, Case No. 38-CV-2026-900499.00, where it is currently pending, to the United States District Court for the Middle District of Alabama, Southern Division. As discussed below, removal of this action is proper pursuant to this Court's federal question subject matter jurisdiction under 28 U.S.C. § 1331 and § 1441, because Plaintiff's claims invoke the Court's federal question

jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. Defendants respectfully shows the Court as follows:

1. Plaintiff Healthcare Justice Coalition instituted this civil action against Defendants in the Circuit Court of Houston County, Alabama, on August 31, 2026. True and correct copies of all pleadings, process, and orders from the state-court action are attached hereto as Exhibit A.

2. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days of The Cigna Group being served with the Complaint on September 9, 2026, and Defendants receiving the claims list referenced as part of that initial pleading.

3. This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1331, in that Plaintiff's claims invoke this Court's federal question jurisdiction under ERISA.

4. The United States District Court for the Middle District of Alabama, Southern Division, is the federal judicial district embracing the Circuit Court of Houston County, Alabama, where this suit was originally filed. Venue is therefore proper under 28 U.S.C. § 81(b)(2) and § 1441(a).

## FEDERAL QUESTION JURISDICTION

5. In Plaintiff's initial pleading, it alleges that it is the ultimate assignee of

claims for medical services rendered by APP of Alabama ED, LLC and APP of Alabama HM, LLC (collectively referred to in the Complaint and in this pleading as "APP"). (Compl. at ¶¶ 11-13). According to the Complaint, APP physicians provided emergency medical services to "Defendants' members" at several hospitals across Alabama. (Compl. at ¶ 9).

6. Plaintiff further alleges that APP physicians did not have written contracts with Defendants, that they performed medical services for which Defendants were allegedly obligated to pay "reasonable value . . . including up to the full billed charges," and that Defendants paid less than "the reasonable value and/or the full billed charges." (Compl. at ¶ 17). Plaintiff also alleges that this was the result of the use of "'shared savings' programs," receiving fees from the plans based on the difference between the provider's billed charges and the allowed amount. (Compl. at ¶¶ 28-35). Based on these allegations, Plaintiff brings three causes of action: Count 1 for "Unjust Enrichment"; Count 2 for "Quantum Meruit/Implied in Law Contract"; and Count 3 for "Implied in Fact Contract." (Compl. at ¶¶ 36-71).

7. Most of the "health service plans" under which Plaintiff seeks to recover payments for emergency care are employer-sponsored "employee welfare benefit plans" established by employers to provide employees and their dependents with medical, surgical, and hospital benefits. 29 U.S.C. § 1002(1). These plans are

ERISA-governed employee welfare benefit plans. Based on the allegations of the Complaint and the claim list upon which it is based, over 3,150 of the over 3,300 claims at issue involve plans governed by ERISA.[1]

8. Although removal based on federal question jurisdiction generally is proper only if a federal question appears on the face of a well-pleaded complaint, the field of employee benefit plans is one of the areas subject to complete preemption under federal law. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004); *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F. 3d 1337, 1344 (11th Cir. 2009).

9. In *Anthem Health Plans*, the Eleventh Circuit adopted the test for complete preemption under ERISA as set forth in the United States Supreme Court's *Davila* case. *See Anthem Health Plans*, 591 F.3d at 1345. As the Eleventh Circuit explained, "the *Davila* test . . . requires two inquiries, (1) whether the plaintiff could have brought [his] claim under § 502(a); and (2) whether no other legal duty supports the plaintiff's claim." *Anthem Health Plans*, 591 F.3d at 1345.

[1] Plaintiff conclusorily disclaims any attempt to assert claims under ERISA (Compl. at ¶ 19 n.1), but the Eleventh Circuit has made clear that such assertions are insufficient to avoid complete preemption if the factual allegations state claims that are completely preempted by federal law. *See Borrero v. United Healthcare of New York, Inc.*, 610 F.3d 1296, 1303 (11th Cir. 2010) ("[The plaintiffs'] attempt to characterize their claims as eluding the scope of ERISA itself presents a legal rather than factual conclusion. It is our function, however, to draw legal conclusions from the facts pled. . . . [W]hen the plaintiff chooses to plead a cause of action completely preempted by federal law, the plaintiff is not always master of the forum."). What this disclaimer does do, however, is strengthen Cigna's argument that Plaintiff *could*, in fact, assert such claims.

10. The first part of the *Davila* test, whether a plaintiff could have brought his claim under ERISA, is satisfied if two requirements are met: (1) the plaintiff's claims falls within the scope of ERISA; and (2) the plaintiff has standing to sue under ERISA. *Id.* at 1350; *Davila*, 542 U.S. at 211-12.

11. Plaintiff's claims here fall squarely within the scope of ERISA. The pleading alleges that Plaintiff is not suing under a separate contract that set the rates of payment that Defendants allegedly failed to pay but that equity requires that Plaintiff receive payments higher than what was paid under the terms of the ERISA plans—indeed, Plaintiff expressly attacks the terms of the Plans as reducing benefit payments below "reasonable value."[2] While Plaintiff never references the ERISA statute other than in a legally insufficient attempt to disclaim the statute's application, its substantive allegations are that payments under the Plans are legally insufficient and that it is entitled to higher payments. Such allegations directly concern claims under ERISA-governed Plans and attack the administration and very terms of the plans; thus, they fall within the scope of ERISA. *See Anthem Health Plans*, 591 F.3d at 1351.

12. Plaintiff also satisfies the standing requirement to sue under § 502(a)

---

[2] Moreover, a not insignificant portion of the ERISA claim lines in Plaintiff's claim list (over 500, accounting for almost $90,000 in charges) were denied outright (consistent with Plaintiff's allegations in the Complaint (Compl. at ¶ 19) and the "right to payment" Plaintiff is attempting to plead around would have to be at issue on those claims supposedly underlying its causes of action.

because it has sued as the assignee of all causes of action arising from or relating to APP's claims for benefits under the ERISA-governed plans. (Compl. at ¶¶ 11-13). And Cigna alleges that APP submitted the vast majority of those claims (3,132 of the 3,157 ERISA claims) to Defendants under assignments from their patients. Accordingly, the first prong of the *Davila* test is met for the majority of the claims in this case.

13. The second prong of the *Davila* test is whether Plaintiff's claim against Defendants is based on a duty that arises "independently of the [ERISA] plans." *See Anthem Health Plans*, 591 F.3d at 1346. Plaintiff's claims for unjust enrichment and *quantum meruit* are expressly based on a "benefit" allegedly conferred on Defendants and which derives from the terms of the ERISA plans. (Compl. at ¶¶ 41-42, 55-56) (alleging that their services "discharge[d] [Defendants'] legal and contractual obligations" under the Plans and that Defendants "received additional benefits as a result of their 'shared savings' programs" under the Plans). Plaintiff's claim for implied-in-fact contract alleges that Defendants' actions in administering the ERISA plans constituted a separate contract with APP. In other words, the duties upon which Plaintiff bases its claims cannot exist independently of the ERISA-governed plans.

14. Accordingly, both prongs of the *Davila* test for complete preemption are met in this case, and Plaintiff's claims are ERISA-preempted. *See Pilot Life Ins.*

*Co. v. Dedeaux*, 481 U.S. 41, 47 (1987).

15. The District Courts of the United States are given original jurisdiction over civil actions under ERISA pursuant to 28 U.S.C. § 1331 without respect to the amount in controversy or the citizenship of the parties. Therefore, this action may be removed to the United States District Court for the Middle District of Alabama, Southern Division, pursuant to the provisions of 28 U.S.C. § 1441(a).

## MISCELLANEOUS

16. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Houston County, Alabama, as provided by law, and written notice is being sent to Plaintiff's counsel.

17. Along with this Notice of Removal, Defendants will tender to the Clerk of this Court the funds necessary to secure removal.

18. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty (30) days after service of the Complaint on The Cigna Group, and receipt by the Defendants of all parts of the initial pleading upon which the aforesaid action is based.

19. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

20. The allegations of this Notice are true and correct and within the jurisdiction of the United States District Court for the Middle District of Alabama, and this cause is removable to the United States District Court for the Middle District

of Alabama.

36. Should any question arise as to the propriety of the removal of this action, Defendants respectfully request the opportunity to submit a brief and present oral argument in support of their position that this cause is removable. *Sierminski v. Transouth Fin. Corp*., 216 F.3d 945, 949 (11th Cir. 2000).

Accordingly, Defendants The Cigna Group, Cigna Health and Life Insurance Company, and Connecticut General Life Insurance Company, desiring to remove this civil action to the United States District Court for the Middle District of Alabama, Southern Division, the district and division encompassing the county in which such civil action is pending, prays that the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Houston County, Alabama, shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted,

*/s/ William B. Wahlheim, Jr.*

William B. Wahlheim, Jr.
Braxton S. Thrash
MAYNARD, NEXSEN, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, Alabama 35203
T: (205) 254-1000
F: (205) 254-1999
wwahlheim@maynardnexsen.com
bthrash@maynardnexsen.com
*Attorney for Defendants The Cigna Group, Cigna Health and Life Insurance Company,*

*and Connecticut General Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon the following listed persons by placing a copy of the same in the United States mail, postage prepaid and properly addressed, this the 7th day of October 2026:

Robert D. Segall (SEG003)
J. David Martin (MAR120)
COPELAND, FRANCO, SCREWS & GILL, P.A.
Post Office Box 347
444 South Perry Street (36104)
Montgomery, Alabama 36101-0347
T: 334.834.1180 F: 334.834.3172
Email: segall@copelandfranco.com
Email: martin@copelandfranco.com

Michael Killingsworth (*pro hac vice* forthcoming)
Benjamin Foster (*pro hac vice* forthcoming)
Patrick Yarborough (*pro hac vice* forthcoming)
Carmen Lechin (*pro hac vice* forthcoming)
FOSTER YARBOROUGH KILLINGS WORTH PLLC
440 Louisiana, Suite 1800
Houston, TX 77002
(713) 331-5254 telephone
(713) 513-5202 facsimile
Attorneys for Plaintiff

*/s/ William B. Wahlheim, Jr.*
OF COUNSEL